UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

_____

In re:

CHARLES DeGENNARO, III

Debtor.
_____

CRESCENT ELECTRIC SUPPLY COMPANY,
INC. OF NEW YORK,

        Plaintiff,
  v.
CHARLES DeGENNARO,
        Defendant.
_____

Chapter 7

Case No. 18-35222 (CGM)

Adv. Pro. No. 18-09032 (CGM)

TO:    Steven A. Soulios
        **RUTA SOULIOS & STRATIS LLP**
        211 East 43rd Street, 24th Floor
        New York, New York 10017
        Tel: (212) 997-4500

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Requests For Production of Documents and Things and produce the following documents requested to Plaintiff herein, through its attorney of record Korsinsky & Klein, LLP located at 2926 Avenue L, Brooklyn, NY 11210, within thirty (30) days from service hereof in accordance with the provisions of Rule 34, *et. seq.*, of the Federal Rules of Civil Procedure and Fed.R.Bankr.P. 7026, 7034.

You are further placed on notice that these requests are deemed continuing, requiring supplemental responses thereto in the event requested documents become available which would require amendment or supplementation of your responses in order that they would be proper and truthful, become known to you.

1

**INSTRUCTIONS**

1.  In answering these requests, please furnish all information, documents which are available to you, including, without limitation, all documents in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such documents as are in your possession.

2.  If you cannot respond to any of the following requests in full, after exercising due diligence to secure documents to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever documents you have concerning the unproduced documents, and what efforts you made to secure documents sufficient to allow you to respond fully to the particular request. Although one or more of the following requests may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of documents within your own knowledge or what you have obtained from others. However, for every response in which you include documents received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such documents. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the documents for which you cannot vouch. Further, these requests contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

3.  Unless otherwise stated, each request pertains to the time period beginning January, 2011, through the present date. Thus, your responses should be fully answered as they

2

pertain to information, recordings or documents within that time frame. Further, each request should identify the appropriate time frame, if your response requires same.

**DEFINITIONS**

1. "**You**" includes each defendant, separately, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of their branches, departments, employees, agents, contractual affiliates, predecessors, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities, whether or not separately incorporated. "You" may also be referenced herein simply as "Defendant" or "Debtor"

2. "**Document(s)**" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, emails, or telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The

3

term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

(a) the nature of the document (e.g., letter, memorandum, contract, etc.);

(b) the author or sender of the document;

(c) the recipient of the document;

(d) the date the document was authored, sent, and/or received; and

(e) the reason such document is allegedly privileged.

3. "**Computer**" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

4. "**Person(s)**" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

5. "**Explain**" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

6. "**Describe**" means to represent or give an account of in words.

7. "**Plaintiff**" refers to plaintiff Crescent Electric Supply Company, Inc. of New York.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Accounts receivable records for the Debtor and Innovative Electrical Services LLC for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 2:**

Balance sheets of the Debtor and Innovative Electrical Services LLC for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 3:**

Copies of all bank statements together with canceled checks of the Debtor and Innovative Electrical Services LLC for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 4:**

Copies of the Debtor's tax returns for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 5:**

Copies of all business transactions, invoices, purchase orders, agreements and related documents concerning Crescent Electric Supply Co. Inc., of New York for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018 by Debtor and/or Innovative Electrical Services LLC.

**REQUEST NO. 6:**

Copies of all business transactions, invoices, purchase orders and related documents concerning Synergy Construction, Inc. for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018 by Debtor and/or Innovative Electrical Services LLC.

**REQUEST NO. 7:**

Accounts payables, records and liabilities, whether listed or not on the schedules in this bankruptcy proceeding, for the Debtor and Innovative Electrical Services LLC for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 8:**

Listing and records of all payments made to the Debtor, his relatives, and/or related parties and/or entities in 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 9:**

Listing and records of all payments made to ANTHONY BARTOLOMEO, his relatives, and/or related parties and/or entities in 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 10:**

Listing and records of all payments made by RX Electric, Inc. to Innovative Electrical Services LLC or Debtor in 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 11:**

Listing and records of all payments made by Innovative Electrical Services LLC to RX Electric, Inc. in 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 12:**

All records concerning the assets of the Debtor and Innovative Electrical Services LLC, including but not limited to those listed in this bankruptcy proceeding on Schedule "B" of the Petition.

**REQUEST NO. 13:**

All records concerning payments made to all parties listed in the bankruptcy Schedule "F" of the Petition in the years of 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 14:**

All records concerning revenues and/or income and/or employment of the Debtor and Innovative Electrical Services LLC for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 15:**

All contracts to perform any type of work for labor and/or services and/or materials by the Debtor and Innovative Electrical Services LLC for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 16:**

All credit card statements of the Debtor for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 17:**

Copies of financial statements and audits prepared for Debtor and/or Innovative Electrical Services LLC for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 18:**

Financial books and records of the Debtor and Innovative Electrical Services LLC for the years 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**REQUEST NO. 19:**

Financial records, including monies received and expended, concerning the project in which Crescent Electric Supply Co. Inc., of New York ("Crescent") provided goods and services for or through Debtor and/or Innovative Electrical Services LLC.

**REQUEST NO. 20:**

All correspondence, letters, memoranda, communications, agreements, and other documents between Plaintiff and the Debtor.

**REQUEST NO. 21:**

All correspondence, letters, memoranda, communications, agreements, and other documents between Plaintiff and Innovative Electrical Services LLC.

**REQUEST NO. 22:**

All correspondence, letters, memoranda, communications, agreements, and other documents between Debtor and ANTHONY BARTOLOMEO.

**REQUEST NO. 23:**

All correspondence, letters, memoranda, communications, agreements, and other documents concerning all projects in which Crescentprovided goods and services to Innovative Electrical Services LLC.

**REQUEST NO. 24:**

All correspondence, letters, memoranda, communications, agreements, and other documents between Innovative Electrical Services LLC and all other contractors/vendors which worked on any of the projects in which Crescentprovided goods and services to Innovative Electrical Services LLC.

**REQUEST NO. 25:**

All correspondence, letters, memoranda, communications, agreements, and other documents between the Debtor and all other contractors/vendors which worked on any of the projects in which Crescentprovided goods and services to Innovative Electrical Services LLC.

**REQUEST NO. 26:**

All correspondence, letters, memoranda, communications, and other documents exchanged between Innovative Electrical Services LLC and the owner(s) of any property with respect to any materials supplied by Crescent.

**REQUEST NO. 27:**

All correspondence, letters, memoranda, communications, agreements, and other documents between ANTHONY BARTOLOMEO and all other contractors/vendors which worked on any of the projects in which Crescentprovided goods and services to Innovative Electrical Services LLC.

**REQUEST NO. 28:**

9

All correspondence, letters, memoranda, communications, agreements, and other documents concerning the projects in which Crescentprovided goods and services to Innovative Electrical Services LLC, which evidence the personnel, members and/or officers at Innovative Electrical Services LLC in charge of the projects.

**REQUEST NO. 29:**

All correspondence, letters, memoranda, communications, and other documents exchanged between Innovative Electrical Services LLC and any contractor or subcontractor with respect to any materials supplied by Crescent.

**REQUEST NO. 30:**

All correspondence, letters, memoranda, communications, and other documents exchanged between Innovative Electrical Services LLC and the owner(s) of any property with respect to any materials supplied by Crescent.

**REQUEST NO. 31:**

Copies of the records for checks and other payment methods (e.g., wire transfers, credit card payments, etc.) reflecting payments made to Innovative Electrical Services LLC concerning any materials supplied by Crescent.

**REQUEST NO. 32:**

Copies of the records for checks and other payment-methods reflecting payments made by Innovative Electrical Services LLC to Crescent or at Crescent's direction or for Crescent's account concerning any materials supplied by Crescent.

**REQUEST NO. 33:**

Copies of all pleadings and other court papers in any action wherein Innovative Electrical Services LLC, the Debtor and/or ANTHONY BARTOLOMEO is a party and where the claims

10

or defenses concern any project where Innovative Electrical Services LLC provided contracting services and where materials supplied by Crescent were used.

**REQUEST NO. 34:**

A copy of the payment or performance bond associated with any project where Innovative Electrical Services LLC provided contracting services and where materials supplied by Crescent were used.

**REQUEST NO. 35:**

All documents concerning any complaints made with respect to Crescent's performance concerning any material supplied to Innovative Electrical Services LLC, including any correspondence, memoranda, and records of any telephone calls.

**REQUEST NO. 36:**

All documents Innovative Electrical Services LLC intends to use or believes it may use at trial.

**REQUEST NO. 37:**

All documents concerning Debtor's First Affirmative Defense.

**REQUEST NO. 38:**

All documents concerning Debtor's Second Affirmative Defense.

**REQUEST NO. 39:**

All documents concerning Debtor's Third Affirmative Defense.

**REQUEST NO. 40:**

All documents concerning Debtor's Fourth Affirmative Defense.

**REQUEST NO. 41:**

All documents concerning Debtor's Fifth Affirmative Defense.

**REQUEST NO. 42:**

All documents concerning Debtor's Sixth Affirmative Defense.

**REQUEST NO. 43:**

All documents concerning Debtor's Seventh Affirmative Defense.

**REQUEST NO. 44:**

All documents concerning Debtor's Eighth Affirmative Defense.

**REQUEST NO. 45:**

All documents concerning Debtor's Ninth Affirmative Defense.

**REQUEST NO. 46:**

All documents concerning Debtor's Tenth Affirmative Defense.

**REQUEST NO. 47:**

All documents concerning Debtor's Eleventh Affirmative Defense.

**REQUEST NO. 48:**

All documents concerning Debtor's Twelfth Affirmative Defense.

**REQUEST NO. 49:**

All documents concerning Debtor's Thirteenth Affirmative Defense.

**REQUEST NO. 50:**

All documents concerning Debtor's Fourteenth Affirmative Defense.

**REQUEST NO. 51:**

All documents reflecting or analyzing the financial and business performance of Innovative Electrical Services LLC for the years 2012 to present, including but not limited to documentation showing ownership of assets, bills of sale, checks, invoices, bank statements and copies of checks, leases for any equipment or property, deeds or any other documentation of ownership of real property, documentation of transfers of assets, dividend notices and/or payments, payments

for the rent/lease of real property, documentation of liability to the corporation, including but not limited to accounts receivable, promissory notes, contracts, invoices, statements of account or other memoranda, general ledgers or balance sheets, credit applications, open account documentation or any other documentation requesting credit from any third party , tax liens and settlement of any past due taxes owed, tax returns, and contracts with other parties

**REQUEST NO. 52:**

All documents reflecting the corporate minutes and all corporate resolutions of Innovative Electrical Services LLC for the years 2012 to present.

**REQUEST NO. 53:**

All documents that reflect or refer to the shareholders, officers, and directors of Innovative Electrical Services LLC for the years 2012 to present, including but not limited to shareholder ledgers, notices of shareholder meetings, minutes of shareholder meetings, and minutes of all meetings and resolutions of the Board of Directors.

Dated: April 29, 2019
      Brooklyn, New York

Respectfully submitted:

**KORSINSKY & KLEIN, LLP**
Attorneys for Plaintiff

By:    /s/
    Michael Korsinsky (MK 8900)
2926 Avenue L
Brooklyn, NY 11210
(212) 495-8133
*Email: mk@kklawfirm.com*