**KORSINSKY & KLEIN, LLP**
MARC ILLISH (MI-6369)
2926 Avenue L
Brooklyn, NY 11210
Tel: 212-495-8133
Fax: 212-419-3893
Email: mi@kklawfirm.com
*Attorneys for CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

---

|  |  |
|---|---|
| In re:<br><br>CHARLES DeGENNARO, III<br><br>Debtor. | Chapter 7<br><br>Case No. 18-35222 (CGM) |

---

|  |  |
|---|---|
| CRESCENT ELECTRIC SUPPLY COMPANY,<br>INC. OF NEW YORK,<br><br>          Plaintiff,<br>    v.<br>CHARLES DeGENNARO,<br><br>          Defendant. | Adv. Pro. No. 18-09032 (CGM) |

---

### DECLARATION IN OPPOSITION
### TO DEBTOR'S MOTION SEEKING REARGUMENT AND MODIFICATION

MARC ILLISH, declares pursuant to 28 U.S.C. § 1746:

1. I am an attorney for Plaintiff *CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK* ("Crescent") in this adversary proceeding, and am fully familiar with the facts and circumstances set forth below, based upon both my review of the files pertaining to this matter maintained in my office and through my participation in the pre-trial proceedings in this matter.

2. This declaration is submitted in opposition to the motion of Debtor CHARLES DeGENNARO, III ("Debtor") seeking reconsideration and modification of an order of the Hon.

Cecelia G. Morris, entered September 19, 2019 (the "Order") brought pursuant to F.R.C.P. 54(b), 59 and Local Bankruptcy Rule 9023-1.

3.    The Order granted discovery sanctions in favor of Crescent compelling debtor pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), made applicable to this adversary proceeding through Fed. R. Bankr. P. 7037, on the basis that Debtor failed to produce documents and failed to respond to Crescent's Requests For Production of Documents and Things dated April 29, 2019 requested pursuant to Fed. R. Civ. P. 34 made applicable to this adversary proceeding through Fed. R. Bankr. P. 7034.

4.    The Debtor's failure to provide discovery warranted the issuance of the Order and therefore it should be upheld. At the time of the hearing which led to the Order, Debtor did not produce a single item of discovery.

5.    Debtor's motion should be denied for the reasons stated herein and additional sanctions imposed due to the continued stonewalling of discovery by Debtor.

## A.    FRCP 54 IS INAPPLICABLE BECAUSE DISCOVERY IS NOT A CLAIM

6.    The need for discovery is not one of the claims alleged in Crescent's complaint in this adversarial proceeding, nor is it an independent cause of action, and does not constitute a "claim" as the term is understood within Rule 54(b). Crescent's motion to compel implicated a discovery matter that would be inappropriate for partial judgment under 54(b). See, *Field Day, LLC v. County of Suffolk*, 2012 U.S. Dist. LEXIS 73368 (E.D.N.Y. 2012).

7.    The Order also does not fall under the collateral order doctrine that might otherwise provide an exception.

8.    In order to qualify as a collateral order, an order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action;

2

and (3) be effectively unreviewable on appeal from a final judgment. *New Pac. Overseas Group (U.S.A.) Inc. v. Excal Int'l Dev. Corp.*, 252 F.3d 667, 669 (2d Cir. 2001).

9.    Debtor has filed a motion seeking a stay pending an appeal of the Order, demonstrating that the Order is reviewable, thereby mooting this issue.

## B. FRCP 59 IS INAPPLICABLE BECAUSE THE ORDER IS NOT A JUDGMENT

10.    F.R.C.P. 59(e) applies to motions to alter or amend "a judgment" and must be filed within ten days after entry of judgment.

11.    As the Order was not a judgment, the Rule is inapplicable. See, *Attard v. City of New York*, 2008 U.S. Dist. LEXIS 61091 at n.1 (E.D.N.Y 2008).

## C. LOCAL RULE 9023-1 PROHIBITS REPETITION OF ARGUMENTS

12.    To obtain relief pursuant to Bankruptcy Rule 9023 and Local Rule 9023-1, a party must present "manifest errors of law or fact" or accounting for "newly-discovered evidence." See *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); *In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 266, 2007 WL 203980 *5 (Bankr. S.D.N.Y. Jan. 24, 2007).

13.    The moving party must show that the court overlooked controlling decisions or factual matters "which might materially have influenced the earlier decision." *Farkas v. Ellis*, 783 F. Supp. 830, 832-33 (S.D.N.Y.), *aff'd* 979 F.2d 845 (2d Cir. 1992); *In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 266, 2007 WL 203980 *5.

14.    The burden is on the moving party to demonstrate these manifest errors. *In re Crozier Bros., Inc*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).

15.    Movants under Bankruptcy Rule 9023 must demonstrate a substantial basis for the relief requested so as to avoid repetitive arguments on issues that have already been considered.

*Griffin Industries*, 72 F. Supp. 2d at 368; *In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 266, 2007 WL 203980 *5.

16. Debtor's Motion fails to demonstrate any manifest errors or injustice, newly discovered evidence or change in controlling law and thus, states no grounds for the substantial relief requested.

17. The Debtor simply repeats matters brought to the Court's attention at the hearing on the motion prior to the Order being entered.

18. This Court has previously heard and determined all of the arguments and issues raised by Debtor and should reject the request to review such arguments a second time.

19. The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered." *Best Payphones, Inc.*, 2008 Bankr. LEXIS 2555, 2008 WL 2705472, at *3; accord *Griffin Indus.*, 72 F. Supp. 2d at 368; *Monaghan v. SZS 33 Assocs., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y. 1994); Farkas, 783 F. Supp. at 832.

### D.  THE LEGAL AUTHORITIES CONTROVERT DEBTOR'S POSITION

20. Without rehashing the entirety of Debtor's stonewalling, the Order followed Debtor's failure to meet and confer, untimely and evasive responses to Crescent's discovery demands, and Debtor's arguments to the Court that were found to be unavailing.

21. Debtor now seeks reconsideration of the Order compelling production based on arguments already raised and considered by the Court, ranging from objections to scope and relevance, purported claims of documents not in the possession of Debtor, release of tax returns, and excessive fees.

22. A creditor has the burden of proving the elements of a §523(a) claim in order to have his debt deemed non-dischargeable as against the debtor. *Sarasota CCM, Inc. v. Kuncman*, 466

4

B.R. 590, 595 (E.D.N.Y. 2012). The creditor must prove the required elements of each subsection

of §523 by a preponderance of the evidence. *Id.*

23. As pointed out in the Memorandum of Law in Support of Debtor's Motion for

Reconsideration (the "Memo"),

> In order for Crescent to prevail on its Section 523 non-discharge claim, it must not only
> show that Innovative was paid on the projects that it delivered materials to in 2016 and
> 2017, but that DeGenerro diverted those funds with a "conscious misbehavior" or "extreme
> recklessness" and "requisite scienter". Memo at page 12.

24. A party's financial information can be relevant for discovery purposes if it implicates

specific elements of a claim or defense asserted in the dispute. See *Signal Capital Corporation v.*

*Frank*, 164 F.R.D. 7, 10-11 (S.D.N.Y. 1995) (allowing substantial discovery regarding corporate

directors, including details of directors' personal finances necessary to establish plaintiff's claims

against directors for waste of corporate assets, mismanagement, and violation of fiduciary duties);

25. With respect to temporal scope, the Court in *Go v. Rockefeller Univ.*, 280 F.R.D. 165,

SDNY 2012, which is cited to by Debtor (Memo at page 13) held,

> However**, the scope of discovery is commonly extended to a reasonable number of**
> **years prior** to the defendants' alleged illegal[1] action . . . ." Miles v. Boeing Co., 154 F.R.D.
> 117, 119-20 (E.D. Pa. 1994) (document requests for period of more than two years from
> date of alleged discrimination not overly broad); Obiajulu v. City of Rochester Dep't of
> Law, 166 F.R.D. 293, 296 (W.D.N.Y. 1996) (three year time period suggested by
> defendants found reasonable); see also Chang v. Cavalry Portfolio Servs. LLC, CV-11-
> 1153 (JS)(GRB), 2011 WL 6101952 at *1 (E.D.N.Y. Dec. 1, 2011); Trzeciak v. Apple
> Computers, Inc., 94 Civ. 1251 (LAK), 1995 U.S. Dist. LEXIS 428, 1995 WL 20329 at *1
> (S.D.N.Y. Jan. 19, 1995) (Dolinger, M.J.). (Emphasis added).

26. With respect to relevance, the Court in *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist.

LEXIS 18460, also cited by Debtor (Memo at page 13) held,

---

[1] Any application of trust assets 'for any purpose other than the trust purposes of that trust creates civil and
potentially criminal liability." *Int'l Bhd. of Elec. Workers Local Union No. 1249 Pension & Ins. Funds v. S. Buffalo*
*Elec., Inc.*, No. 5:15-CV-0682, 2017 U.S. Dist. LEXIS 87964, (N.D.N.Y. June 8, 2017) (quoting N.Y. Lien Law §
79-a(1)).

Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial. It is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself. (internal citations omitted).

27.    Furthermore, determinations of relevance are entrusted to the sound discretion of the court. See generally, *United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994). Debtor was not enabled to withhold any discovery based on his determination of relevance. This issue served as one of the bases that the Court issued the Order as the Court did.

28.    Moreover, the fact that documents demanded by a plaintiff may reside in files other than a defendant's is beside the point if the defendant has control over such files. For a FRCP 34 document request, the test is whether the party has a legal right to control. The true test is control and not possession. *United States v. Int'I Business Machines Corp.*, 477 F.Supp. 698, 698, 699 (S.D.N.Y. 1979).

29.    A party challenging a document request must submit an affidavit setting forth facts and circumstances which establish that the documents requested are not in his control. *Id*. Debtor has not submitted any such affidavit, despite the fact that Crescent's demands required same and otherwise, his claim of lack of possession is merely supported by statements made in "correspondence" from Debtor's counsel to another party. See, Memo at page 5.

30.    With respect to disclosure of tax returns, the Court in *Carmody v. Vill. of Rockville Ctr.*, 2007 U.S. Dist. LEXIS 50933, also cited by Debtor (Memo at page 15) held,

> Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both "the private nature of the sensitive information contained therein" and "the public interest in encouraging the filing by taxpayers of complete and accurate returns." Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979). To compel the disclosure of income tax returns, a two-part test must be satisfied: (1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not "otherwise readily obtainable." United States

6

v. Bonanno Family of La Cosa Nostra, 119 F.R.D. 625, 627 (E.D.N.Y. 1988) (citing S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985)).

31. This issue was also argued before the Court and by Debtor's admission, he has withheld documents relevant to Crescent's claims and he argues that he lacks other relevant documents. Therefore, the information sought was actually not otherwise readily obtainable.

32. The obstruction of discovery is compounded by the fact that Debtor, as the majority interest holder of Innovative Electrical Services (See, Debtor's Schedules), would be able to issue authorizations for the release of bank statements, tax returns, and other financial records which would have satisfied most, if not all, of Crescent's documents requests.

33. The fact that other actions are pending cannot serve as a basis to withhold discovery – even if they were produced in the other actions. A party cannot "withhold relevant and discoverable documents in one action with impunity, even after producing them in a similar case." *MPI Tech A/S v. IBM*, 2017 U.S. Dist. LEXIS 59870 (S.D.N.Y. 2017) citing to *Royal Park Investments SA/NV v. Deutsche Bank National Trust Company*, 192 F. Supp. 3d 400 (S.D.N.Y. 2016).

34. Debtor seeks to cloak all of his financials as being jointly owned with his wife in an effort to obstruct any discovery into his financials.

35. As a matter of fact, Debtor has produced a redacted personal tax return, which was presumably jointly filed with Debtor's spouse. Obviously, the objection to disclosure is therefore feigned and otherwise waived.

36. Based on the foregoing, the [continuing] wastefulness caused by Debtor's obstruction warrants the costs imposed, including for travel. The fact that Debtor withheld his discovery caused the Pre-trial Conference to be adjourned, thereby limiting the August 27, 2019 Court appearance to the motion to compel. Therefore, the travel costs should be borne by Debtor. As Courts have held, for example,

when a lawyer travels for one client, he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling. That is why lawyers invariably charge their clients for travel time, and usually at the same rate they charge for other time, except when they are able to bill another client for part of the travel time (a lawyer might do work for client A while flying on an airplane to a meeting with client B) See, *Astro-Med, Inc. v. Plant*, 250 F.R.D. 28, 32 (D.R.I. 2008)

37.  Accordingly, the Order should be upheld and Debtor's motion should be denied. This

opposition may be supplemented with a documentation of costs, if necessary.

WHEREFORE, it is requested that Debtor's motion be denied in its entirety.

Executed on October 25, 2019

        /s/ MARC ILLISH
        MARC ILLISH (MI-6369)

8