**KORSINSKY & KLEIN, LLP**
MARC ILLISH (MI-6369)
2926 Avenue L
Brooklyn, NY 11210
Tel: 212-495-8133
Fax: 212-419-3893
Email: *mi@kklawfirm.com*
*Attorneys for CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

---

In re:

CHARLES DeGENNARO, III

Debtor.

Chapter 7

Case No. 18-35222 (CGM)

---

CRESCENT ELECTRIC SUPPLY COMPANY,
INC. OF NEW YORK,

       Plaintiff,

  v.

CHARLES DeGENNARO,

       Defendant.

Adv. Pro. No. 18-09032 (CGM)

---

**DECLARATION IN OPPOSITION
TO DEBTOR'S MOTION SEEKING A STAY PENDING APPEAL**

    MARC ILLISH, declares pursuant to 28 U.S.C. § 1746:

    1.  I am an attorney for Plaintiff *CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK* ("Crescent") in this adversary proceeding, and am fully familiar with the facts and circumstances set forth below, based upon both my review of the files pertaining to this matter maintained in my office and through my participation in the pre-trial proceedings in this matter.

2. This declaration is submitted in opposition to the motion of Debtor CHARLES DeGENNARO, III ("Debtor") seeking a stay pending the appeal of an order of the Hon. Cecelia G. Morris, entered September 19, 2019 (the "Order").

3. The Order granted discovery sanctions in favor of Crescent compelling debtor pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), made applicable to this adversary proceeding through Fed. R. Bankr. P. 7037, on the basis that Debtor failed to produce documents and failed to respond to Crescent's Requests For Production of Documents and Things dated April 29, 2019 requested pursuant to Fed. R. Civ. P. 34 made applicable to this adversary proceeding through Fed. R. Bankr. P. 7034.

4. The Debtor's failure to provide discovery warranted the issuance of the Order and therefore it should be upheld.

5. Debtor's motion should be denied for the reasons stated herein and additional sanctions imposed due to the continued stonewalling of discovery by Debtor.

6. Debtor filed a motion seeking reconsideration of this Order in tandem with the instant motion seeking a stay.

7. Likewise, Crescent is filing opposition in tandem and for the sake of brevity, will focus on the denial of a stay and respectfully refer the Court to the companion opposition papers addressing the other arguments.

**A.  A STAY IS NOT WARRANTED**

8. Firstly, although the motion to compel and resulting attorney's fees has been fully adjudicated by virtue of the Order, it is nonetheless an interlocutory discovery issue that should be appealed only after the close of all matters in this case. See, *New York State NOW v. Terry*, 886

F.2d 1339, 1350 (2d Cir. 1989)(deeming a discovery order and contempt judgment with sanctions as "interlocutory orders that must await final judgment").

9. Additionally, an order imposing Rule 37 sanctions against an attorney, either alone or jointly and severally with his client, is not an appealable "final decision" under 28 U.S.C. § 1291. See, *Id*.

10. Secondly, notwithstanding the Order, Debtor has since failed to fully comply with same.

11. It is a well-established "basic proposition that all orders and judgments of courts must be complied with promptly" and that while a party has a right to appeal the order, "absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975); *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

12. Debtor seeks to cloak all of his financials as being jointly owned with his wife in an effort to obstruct any discovery into his financials.

13. As a matter of fact, Debtor has produced a redacted personal tax return, which was presumably jointly filed with Debtor's spouse.

14. Obviously, the claim of irreparable harm is therefore feigned and otherwise waived.

15. No mention of a confidentiality agreement or mere production of redacted records are made in the motion, demonstrating the chicanery.

16. A party's financial information can be relevant for discovery purposes if it implicates specific elements of a claim or defense asserted in the dispute. See *Signal Capital Corporation v. Frank*, 164 F.R.D. 7, 10-11 (S.D.N.Y. 1995) (allowing substantial discovery regarding corporate

directors, including details of directors' personal finances necessary to establish plaintiff's claims against directors for waste of corporate assets, mismanagement, and violation of fiduciary duties);

17. This issue was also argued before the Court and by Debtor's admission, he has withheld documents relevant to Crescent's claims and he argues that he lacks other relevant documents, therefore the information sought was in fact not otherwise readily obtainable.

18. The obstruction of discovery is compounded by the fact that Debtor, as the majority interest holder of Innovative Electrical Services (See, Debtor's Schedules), would be able to issue authorizations for the release of bank statements, tax returns, and other financial records which would have satisfied most if not all of Crescent's documents requests.

19. Accordingly, the Order should be upheld and Debtor's motion should be denied. This opposition may be supplemented with a documentation of costs, if necessary.

WHEREFORE, it is requested that Debtor's motion be denied in its entirety.

Executed on October 25, 2019

                                                 */s/ MARC ILLISH*
                                                 MARC ILLISH (MI-6369)