UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                          Chapter 7

CHARLES DeGENNARO, III,                                        Case No. 18-35222 (CGM)

              Debtor.
----------------------------------------------------------X
CRESCENT ELECTRIC SUPPLY
COMPANY, INC. OF NEW YORK,

              Plaintiff,                              Adv. Pro. No. 18-09032 (CGM)

    v.

CHARLES DeGENNARO,

              Defendant.
----------------------------------------------------------X

**OBJECTION OF CHARLES DEGENNARO III TO AN AWARD OF ATTORNEYS' FEES**

Defendant, Charles DeGennaro III (hereinafter "DeGennaro") by its attorneys, Ruta Soulios & Stratis LLP, hereby submits this objection to an award of attorney's fees incurred by Plaintiff in opposition to DeGennaro's Motion for Reargument.

    1.    On August 15, 2019 plaintiff brought a motion to compel pursuant to Fed.R.Civ.P. 37(a)(3)(B)(iv) ("Motion to Compel").

    2.    Fed.R.Civ.P. 37(a)(3)(B)(v) provides remedies in the event a motion under Rule 37(a)(3)(B)(iv) is granted, as follows:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that

conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or…

3. By order dated September 18, 2019, the Court entered an order granting the Motion to Compel and awarded attorney's fees to Plaintiff in the amount of $5,685.43 (the "Compel Order")

4. Defendant duly and timely filed a motion for reargument of the Compel Order. Among other objections and arguments DeGennaro asserted in the motion for reargument that the Court erroneously awarded Plaintiff fees in the amount of $5,685.43 because:

    (i) The Court overlooked the fact that the August 27, 2019 return date of Plaintiff's motion to compel coincided with a scheduled pre-trial conference in the adversary proceeding, and as such, should not have awarded attorney's fees of $2,250 (7.5 hours) on a motion to compel;
    (ii) The Court overlooked the fact that Plaintiff's attorneys double billed for certain services, and the fees sought and awarded were otherwise not reasonable; and
    (iii) the vast majority of time billed by Plaintiff's counsel, and awarded by the Court, was for time traveling to and from the Court, and as such should have been billed at a lower, travel rate.

5. By Order dated September 4, 2020, the granted in part and denied in part DeGennaro's Motion for Reargument. In so ruling, the Court reduced the fees awarded in the Compel Order from $5,685.43 to $2,800. However, the Court further ruled that "Crescent is awarded additional attorneys' fees and costs in connection with the Motion[1] and is ordered to submit an affidavit demonstrating in detail the fees and costs."

---

[1] Defined as DeGennaro's Motion for Reargument.

6.  Plaintiff subsequently submitted an affidavit claiming over 53 hours related to the motion for reargument seeking $23,985 in fees.

## IT WOULD BE WHOLLY IMPROPER TO AWARD FEES IN CONNECTION WITH A MERITORIOUS MOTION FOR REARGUMENT THAT WAS GRANTED IN PART

7.  Plaintiff's motion, pursuant to which it was awarded fees, was made under Fed.R.Civ.P. 37(a)(3)(B)(iv) for an alleged failure to produce documents. The award of attorney's fees was solely and directly related to the Motion to Compel. The rationale for an award of fees is necessarily connected to and dependent upon some showing willful refusal to comply with discovery requests. As set forth below, that is not the case here. DeGennaro timely filed a Motion for Reargument and a Motion to Stay the Compel Order.

8.  However, all of the fees for which the Court has indicated a willingness to order reimbursement of additional fees had nothing to do with the Motion to Compel.

9.  The award of legal fees over and above a very severe sanction of $22,500, for work related solely to opposing a meritorious Motion for Reargument, that the Court, recognizing its error in the initial fee award, granted in part, would be unduly and unjustly excessive, draconian, outside the parameters of Rule 37(a), and raise Constitutional and fundamental due process implications.

10. There is no motion pending before this Court seeking an award of additional fees based upon an alleged improper or frivolously filed Motion for Reargument. By the partial granting of same it cannot be questioned that the Motion for Reargument had merit, and DeGennaro, a Chapter 7 Debtor exercising his Constitutional right to bankruptcy relief, should not be subject to a further, extraordinary measure of additional attorney's fees. Plaintiff cannot bootstrap work related to the Motion for Reargument to the previously filed Motion to Compel for

which it has already been awarded fees.

11. To award fees related to DeGennaro's Motion for Reargument would effectively punish DeGennaro from exercising his rights to Due Process established in the United States Constitution and New York Constitution, and the Federal Rules of Civil Procedure.

12. DeGennaro further objects to the request for fees as being unreasonable an excessive, and there is no evidence proffered by the Plaintiff establishing compliance with the lodestar method mandated by the Second Circuit.

## **CONCLUSION**

For all of the foregoing reasons Defendant respectfully requests that the Court deny

Dated: New York, New York
September 18, 2020

RUTA SOULIOS & STRATIS LLP

By: /s/ Steven A. Soulios
Steven A. Soulios, Partner
211 East 43rd Street
New York, New York 10017
212-997-4500
*Attorneys for Charles DeGennaro III*