UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                         Chapter 7

CHARLES DeGENNARO, III,                                      Case No. 18-35222 (CGM)


              Debtor.
------------------------------------------------------------X
CRESCENT ELECTRIC SUPPLY
COMPANY, INC. OF NEW YORK,

              Plaintiff,                                         Adv. Pro. No. 18-09032 (CGM)

    v.

CHARLES DeGENNARO III,

              Defendant.
------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR RECONSIDERATION</u>**


      Defendant, Charles DeGennaro III (hereinafter "DeGennaro") by its attorneys, Ruta Soulios & Stratis LLP, hereby submits this memorandum of law in opposition to entry of default judgment pursuant to Fed.R.Civ.P. 37(b).

      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      DeGennaro incorporates the facts set forth in his motion for reargument and the record from the evidentiary conducted by the Court on August 21, 2020 in connection with same.

      In its order imposing sanctions pursuant to Fed.R.Civ.P. 37(a) the Court ordered

-1-

DeGenanro to "submit a memorandum setting forth why a default judgment should not enter against the Debtor pursuant to Federal Rule of Civil Procedure 37(b)…"

Fed.R.Civ.P. 37(b) provides:

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

DeGennaro respectfully submits that the record before the Court in no way presents the type of "extreme situation" of "willfulness" or "bad faith" so as to warrant the severest of sanctions (in addition to $22,500 in monetary sanctions and an award of attorney's fees) of default judgment. Such a finding simply cannot be reconciled and otherwise runs counter to the strong policy in favor of determining disputes on their merits.

# ARGUMENT

## I.

## THE STRONG POLICY IN FAVOR OF RESOLVING DISPUTES ON THEIR MERITS MILITATES AGAINST THE MOST SEVERE SANCTION OF DEFAULT

Fed.R.Civ.P. 37(b) There is a strong preference that disputes be determined on the merits, and any doubts regarding vacatur of a default should be resolved in favor of a trial on the merits. *Shah v. New York State Department of Civil Service*, 168 F.3d 610, 613 (2d Cir.1999); *American Alliance Insurance Co.. Ltd. v. Eagle Insurance Co.*, 92 F.3d 57, 61 (2d Cir.1996) ("Strong public policy favors resolving disputes on the merits"); *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir.1995) (default "is a harsh remedy to be utilized only in extreme situations"); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993). *See also Springs v. Clement*, 202 F.R.D. 387 (E.D.N.Y.2001), reviewing cases. The Second Circuit has recognized that "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' " by the non-compliant litigant. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009), quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir.1990). DeGennaro submits that the following undisputed facts demonstrate that he (i) acted reasonably in challenging document requests that he, in good faith, perceived to be overbroad, irrelevant and unduly burdensome (and otherwise not reasonably calculated to lead to discoverable information, (ii) duly informed the Court of his contention that he did not have possession custody or control of documents pertaining to Innovative due to a conversion of the business and books and records by Anthony Bartolomeo in September 2017, and  (iii) promptly and respectfully sought reconsideration and a stay of the Amended Order dated September 18, 2019 which directed the production of documents:

(i)     DeGennaro raised good faith objections to the extremely broad document requests propounded by Crescent, which sought 8 years of personal financial records and tax returns (2011 – 2018) notwithstanding that the alleged diversion of Lien Law trust funds from Innovative commenced after February 2017;

(ii)     Crescent failed to attach copies of DeGennaro's objections to its document requests when it moved for sanctions, and the Court did not consider DeGennaro's opposition to the motion which was timely filed in accordance with Fed.R.Civ.P. 6(a) and Local Rule 9006-1. As such, the Court awarded sanctions without ever having reviewed the very document requests that DeGennaro objected to nor considering his opposition which cited *Go v. Rockefeller University,* 280 F.R.D. 165 (S.D.N.Y. 2012) and *Vaigasi v. Solow Management Corp.,* 2016 WL 616386 (S.D.N.Y 2016);

(iii)     DeGennaro brought cross claims against Bartolomeo and asserted that "Bartolomeo systematically planned to oust DeGennaro from every facet of Innovative's business and operations so he could convert the business and assets, including denying him access to Innovative's server which stored all of Innovative's books and records, including bank statements, tax returns, financial ledgers and statements, customer lists, and employee information – all with the intention of preventing and precluding DeGennaro from continuing to run Innovative's business after his purported resignation[1];

(iv)     DeGennaro subpoenaed from both Bartolomeo and RX Electric all of the documents pertaining to Innovative that Crescent had requested from him, and was met with further opposition (motions to quash) based on the same standing argument;

(v)     Upon Bartolomeo's subsequent filing of Chapter 7, DeGennaro filed applications dated August 23, 2019 pursuant to Rule 2004 once again seeking the production documents pertaining to Innovative (see *In re: Bartolomeo,* Case No. 19-12294-SCC) from Bartolomeo and RX Electric. To date the Bankruptcy Court has not ruled on the Rule 2004 application to examine and obtain documents from

---

[1] The Court granted Bartolomeo's and RX Electric's motions to dismiss based on lack of standing.

Bartolomeo, but did grant DeGennaro's Rule 2004 application to examine RX Electric on October 2, 2020;

(vi) Crescent failed to make any prima facie showing as to the relevance of DeGennaro's personal, financial and tax return records for the 6 years that the alleged transfers in 2017 giving rise to Crescent's single cause of action under Section 523(a). "The party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92–CV–8430, 1994 U.S. Dist. LEXIS 6187, at *1, 1994 WL 185696 (S.D.N.Y. May 11,1994); *see also United States v. Int'l Bus. Mach. Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) (the burden is on the moving party to establish relevance); *Samuels v. Eleonora Beheer, B.V.*, 500 F.Supp. 1357, 1362 (S.D.N.Y.1980), aff'd, 661 F.2d 907 (2d Cir.1981) (discovery rules "are not ahunting license to conjure up a claim" that has not been alleged properly."); *Samuels v. Eleonora Beheer, B.V.*, 500 F.Supp. 1357, 1362 (S.D.N.Y.1980), aff'd, 661 F.2d 907 (2d Cir.1981) ("where a party is unable to specifically allege a cause of action, that party may not seek to substantiate its claim through overly broad discovery.");

(vii) DeGennaro promptly and timely moved for reconsideration of the September 17, 2019 Sanctions Order, and likewise a stay of same pending the Court's determination of the request for reconsideration. Whereas Crescent short served DeGennaro, giving the least possible amount of time to respond to its motion for sanctions (during which time DeGennaro's counsel was on trial in King's County), and received a hearing on 12 days' notice and a sanctions order just three weeks later, DeGennaro's motion for a stay was not ruled on until June 2020. DeGennaro's motion for reconsideration was not decided until August 27, 2020, thus precluding adjudication of his motions, which if granted, would have mooted the sanctions order. Moreover, for as long as the motion for a stay remained under consideration DeGennaro was precluded from any other legal recourse.[2]

---

[2] DeGennaro could not seek a stay before the District Court unless and until his request for a stay was denied by this Court.

(viii) DeGennaro's counsel repeatedly advanced his position before the Court that he lacked possession, custody or control of the Innovative documents;

(ix) DeGennaro produced documentary evidence from both Provident Bank and Innovative personnel that demonstrated that he was denied access to his Innovative email account and Innovative bank statements (see Exhibit 30 to the Pretrial order);

(x) DeGennaro produced documentary evidence in the form of legal demands made by his counsel to Bartolomeo further documenting that

(xi)  Crescent ratified and adopted DeGennaro's contentions that he was ousted from Innovative by Bartolomeo when it relied upon those allegations to support successor liability claims against RX Electric.[3] *See* Exhibit 1.

(xii) Crescent ultimately obtained substantially all of Innovative's books and records from Provident Bank. *See* Exhibits 8,9, and 10 to the Pretrial Order. As such, Crescent suffered absolutely no harm by virtue of the fact that it did not receive those documents from DeGennaro;

(xiii) DeGennaro has commenced a non-discharge action against Bartolomeo in Bartolomeo's Chapter case (Adv. Pro. No. 19-1088), premised on many of the same allegations set forth in the cross claims initially raised here, further demonstrating a good faith belief in the merits of the claims presented in this case, including that Bartolomeo ousted DeGennaro from business and its books and records;

(xiv) DeGennaro's substantial document production that was made while his motions for reconsideration and stay were pending, including substantially all of the documents that were produced to Fred Stevens, the United States Trustee, CooperFreidman and Provident Bank pursuant to a Rule 2004 Order.

While the Court has disagreed with DeGennaro's objection to Crescent's document requests, and granted in part and denied in part his motion for reconsideration, DeGennaro submits that his objections to the breadth and relevance of the document requests were grounded

---

[3] DeGennaro maintains that Crescent is judicially estopped from challenging DeGennaro's contention that he lacked possession, custody or control of Innovative documents.

in good faith, and his motions for reconsideration and for a stay were meritorious. Indeed, the District Court, in granting a temporary stay of enforcement of the Court's September 4, 2020 order stated that DeGennaro raised a "serious question going to the merits to allow him to argue that the sanctions were an abuse of discretion." *See* ECF#9 in Case No. 7:20-cv-07958-CM.

All of the foregoing demonstrates that DeGennaro in no way acted contumaciously or in bad faith in objecting to the discovery requests in the first instance, and in seeking review and reconsideration and a stay thereof. Moreover, there has been no harm to Crescent is prosecuting its claim because all documents pertaining to Innovative, including alleged transfers of funds received in 2017 from jobs to which Crescent supplied materials, were obtained by Crescent.

To ascertain the propriety of imposing the severe sanction of default the Second Circuit has adopted several factors, to wit, "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance." *Agiwal*, 555 F.3d at 302, citing *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y.2002); *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852–54 (2d Cir.1995)). DeGennaro submits that consideration of all of the aforementioned factors militates against default. There is no evidence of willfulness on the part of DeGennaro. At all times he acted within the Rules of Civil Procedure. He raised legitimate objections to document requests. He filed a timely opposition to Crescent's motion to compel. He timely sought reconsideration and a stay of same. He undertake enormous good faith efforts to obtain documents from third parties (Bartolomeo and RX Electric) and was stymied. A lesser sanction, to wit, the monetary sanction imposed by the Court (with which DeGennaro respectfully disagrees) is sufficient to remedy any asserted harm. The duration of non-compliance was short. DeGennaro immediately

moved for reconsideration and a stay, which if resolved in the same fashion as the motion for sanctions would have been extremely short in duration. At no time was DeGennaro warned that his failure or inability to produce all 8 years' worth of documents called for in the document requests would result in the most extreme sanction; entry of default judgment.

## CONCLUSION

For all of the foregoing reasons DeGennaro respectfully submits that cause does not exist for any sanction to be issued pursuant to Ruel 37(b).  that the Court decline to grant any relief

Dated:  New York, New York
        October 5, 2019

                                        RUTA SOULIOS & STRATIS LLP

                                        By: /s/ Steven A. Soulios
                                        Steven A. Soulios, Partner
                                        211 East 43rd Street
                                        New York, New York 10017
                                        212-997-4500
                                        *Attorneys for Charles DeGennaro III*